ABBIE M. HEARD, IN EQUITY vs. HARRY O. GURDY, ADMR. D. B. N.

Knox.     Opinion January 14, 1929.

Z. M. Dwinal, for plaintiff.
R. I. Thompson, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

BARNES, J.    This is a bill in equity, brought forward to this court on report.

For a time prior to and continuing until the death of his wife, Abbie Staples, the late Angus A. Staples was the owner of a fund in the Rockland Savings Bank, carried under the title of "A. A. Staples or Abbie Staples."

The wife died in 1920, and subsequent to the decease of his wife, apparently on September 3 of that year, Mr. Staples caused the same bank to reintitle the account, and against this account de-

posit book No. 31741 was issued, both deposit and book being entitled "A. A. Staples or Abbie Hurd, Ash Point, In Account with Rockland Savings Bank, Rockland, Maine, Payable to Either or Survivor."

This Abbie Hurd is the plaintiff in this cause, and a daughter of Mr. Angus A. Staples.

Mr. Staples died intestate, on January 6, 1922, having neither added to nor withdrawn from the savings account.

On January 18, of that year, the plaintiff drew from the bank the full deposit, amounting with accrued interest to $2,597.73, and on the 21st day of the following February, was appointed administratrix of the Staples estate.

As administratrix she did not include the proceeds of the bank deposit in the assets of the estate.

After consideration of a petition of certain of the heirs of her decedent, the judge of probate ordered plaintiff to add to the inventory the amount of said proceeds and this was done "under protest," at some time after December 19, 1923.

In February, 1928, plaintiff resigned as administratrix, and during the following month defendant was appointed, qualified, and received as administrator, from the plaintiff, principal and "earnings" of the Rockland Savings Bank account, now of the value of $3,154.82.

This amount plaintiff claims is her property because, she says, deposit was the joint property of Mr. Staples and herself at the time of his decease and never became a part of the estate of decedent.

It is admitted that defendant still holds the proceeds of the A. A. Staples or Abbie Hurd deposit.

During her service as administratrix plaintiff filed a second account in which she claimed as a credit item the value of the deposit, and this item was disallowed and appeal taken. At the April term of Supreme Court in Knox County, final decree was made in which the decree of the Judge of Probate disallowing the item under consideration was affirmed; but such affirmation was expressly declared "to be without prejudice to said Abbie M. Heard in her individual capacity to try the title to said money and its increment in appropriate proceedings against a proper party defendant."

Prior to the date of the above decree, however, this bill was brought, praying that defendant be declared trustee of the fund sought, for the benefit of plaintiff, and be ordered forthwith to pay the same to her.

The case was reported to this Court on evidence taken out before the sitting justice below.

It is clear from the evidence that the case is controlled by *Garland Appl't*, 126 Me., 84. Delivery to constitute a gift is wholly lacking. The intestate stated in connection with the account that he did not want to give her the money outright, as he might need it. It was an obvious attempt to retain control of the money and dispose of it after his death. The necessary unities are lacking to create a joint tenancy. The funds belong to the estate.

*Bill dismissed with costs.*